ALLISON M. LAPLANTE (OSB # 02361)
DANIEL P. MENSHER (OSB # 07463)
DANIEL J. ROHLF (OSB # 990069)
Pacific Environmental Advocacy Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR 97219
(503)768-6894, lalpante@lclark.edu
(503)768-6926, dmensher@lclark.edu
(503) 768-6707, rohlf@lclark.edu

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, a non-profit corporation, | Civil No: 05-1876-HA |
| Plaintiff,<br>v. | **PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States Government Agency, NATIONAL MARINE FISHERIES SERVICE, a part of the National Oceanic and Atmospheric Administration, a part of the United States Department of Commerce, and UNITED STATES FISH AND WILDLIFE SERVICE, a part of the United States Department of the Interior, | |
| Defendants, and | |

THE STATE OF OREGON, and NORTHWEST
PULP AND PAPER ASSOCIATION,

        Intervenor-Defendants.

Pursuant to the Court's October 12, 2010 Order (Docket # 241), Plaintiff submits this supplemental brief to address Federal Defendants' Motion for Voluntary Remand Without Vacatur (Docket # 224). In response to the Court's August 31, 2010 Order (Docket # 233), Plaintiff worked diligently to develop proposals for a conditional remand of the National Marine Fisheries Service's and the Fish and Wildlife Service's (together, the Services) biological opinions and related incidental take statements. However, because the parties continue to disagree on fundamental legal issues central to the merits of this case, and Federal Defendants are unwilling to make the necessary stipulations that would allow them to accept Plaintiff's proposals, a remand at this time, before the Court reaches the merits of this case, is simply not workable. Instead, Plaintiff respectfully submits that the Court should accept the Services' concession that they must reconsider two discrete elements of their biological opinions and related incidental take statements, allow the biological opinions and incidental take statements to remain in place during the pendency of this action, and permit summary judgment to proceed on the Clean Water Act (CWA) and Endangered Species Act (ESA) issues that remain before the Court. Not only is this approach the most logical and consistent with legal precedent, it also fully satisfies the goals this Court set in its August 31, 2010 Order.

In its August 31st Order, after noting that it was "inclined to deny" Federal Defendants' motion, this Court identified three goals to guide its decision: 1) the "conservation of judicial resources and the expeditious resolution of the Endangered Species Act claims," 2) the avoidance of "serious disruptions to affected industries," and 3) the prevention of "prejudice to

those who would be affected by the continued maintenance of the status quo." Docket # 233. Plaintiff spent considerable time—internally and in discussions with Federal Defendants—developing proposed conditions that were responsive to the terms of the Court's order. Despite Plaintiff's efforts, Defendants were unwilling to make the legal stipulations necessary to make a remand *at this time* satisfy the Court's goals. Although Plaintiff believes that a remand is the proper remedy, until the Court can reach the merits of the case, any remand will be leave crucial legal issues unresolved, and merely delay the ultimate conclusion of this case. As a result, the Court should deny Federal Defendants' motion, allow summary judgment briefing to continue on all remaining issues, but leave the biological opinions in place to preserve the status quo for all parties. This approach efficiently, directly, and simply meets all three of the Court's goals.

    1.    <u>Conservation of Judicial Resources</u>

As an initial matter, Plaintiff's approach would conserve this Court's resources for several reasons. First, the Court will not need to reach the merits of the two issues Federal Defendants have conceded they must reconsider. It may simply accept the Services' admission, and only consider the issues that remain in dispute. Second, were the Court to allow the agencies to avoid judicial review on the entirety of their ESA actions now, it is very likely that the identical issues will come back before the Court once again—thus a remand now is unlikely to save the Court, or the parties, any meaningful resources. This is so because, although the Services have suggested that they will "consider" other issues Plaintiff raised in its summary judgment papers, without admission of legal error on those many remaining issues, and absent a court order, nothing requires the Services to do so, nor prevents them from making the same

errors again and again.[1]  Moreover, as Plaintiff emphasized in its brief in opposition to the Services' motion (Docket # 228), the intimate relationship between Federal Defendants' CWA and ESA duties in this case means that the Court's ruling on the CWA claims will directly affect the Services' legal responsibilities.  Indeed, if this Court finds that EPA erred on one or more of Plaintiff's CWA claims, the Services will likely have to redo their biological opinions in any event.  This is precisely why Plaintiff has requested that this Court examine the legality of the Services' actions now, together with EPA's CWA decisions.  By finally reviewing all of the intertwined issues together, the Court will ensure the Services properly follow the law when they ultimately redo the biological opinions, and that EPA will have the proper information when redoing its review of Oregon's water quality standards.  By contrast, the Services' piecemeal approach is inefficient for the Court and the parties.

Third, and of considerable importance, Plaintiff's approach also conserves judicial resources by freeing the Court from the need to craft a conditional remand without the benefit of having had briefing and arguments on the merits of the case.  In its August 31st Order, the Court asked the parties to attempt to develop a stipulated remand order that provided regulated entities certainty while also ensuring that the salmonids at issue are not harmed by the continued status quo.  See Doc. 233.  To that end, the Court suggested the parties consider whether it would be possible to, *inter alia*, adopt interim, more protective, temperature standards, modify the incidental take statements, or develop other on-the-ground measures to protect salmon.  Through the parties' conferral process, Plaintiff suggested numerous different commitments all three of

---

[1] Irrespective of any new declarations the Services may file with their supplemental briefing, the Services have maintained that their current biological opinions are legally sufficient.  (See Decl. of Kim Kratz at 3; Fed. Defs' Mem. in Support of Motion to Remand, at 6 -7).  Thus, without the Court's ruling, there is little likelihood they will address the numerous errors Plaintiff has identified.

the federal agencies could make to meet the Court's goal of preventing the continued harm from the status quo. Federal Defendants, however, would not agree to any of Plaintiff's approaches. Likewise, Plaintiff proposed numerous specific commitments that would direct the Services' actions as they reconsidered their biological opinions and incidental take statements on remand, in order to ensure the Services did not commit the same errors and force the Court to review their actions yet again. But, as noted above, the parties could not agree to the terms of such a remand because they continue to disagree over fundamental legal issues central to the merits of this case. Thus, Plaintiff finds itself in the very difficult position of wishing to advocate for many of the Court's August 31st suggestions, but simultaneously recognizing the difficulty of asking the Court to order such measures without its first having ruled on these central legal issues. For the Court to craft interim measures to protect salmonids at this point, in the absence of either stipulations from the parties or full briefing on the merits of Plaintiff's claims, would be extremely difficult. Indeed, Plaintiff is unsure how the Court could fashion a proper remedy without reaching the merits of at least some of the legal issues raised in this case. By contrast, Plaintiff's approach is far simpler; this Court may simply wait to develop a remedy—if any—until after it has had the opportunity to evaluate the merits of the entire case at one time.

        2.        <u>Avoiding Disruption to Regulated Entities</u>

Plaintiff's approach also meets the Court's second goal of avoiding "serious disruptions to affected industries," by leaving the biological opinions and incidental take statements in place. Under this approach, industries and the state will face *no* change in the law or their obligations while the Court considers the merits of this case. The Court will then rule on all remaining legal claims at once, and issue one final decision, which will give all parties and affected industries certainty and finality with respect to the underlying agency actions at issue.

      3.      <u>Minimizing Prejudice to Plaintiff and the Environment</u>

Last, Plaintiff's approach meets the Court's third goal of minimizing the prejudice to Plaintiff and the environment by ensuring the Court will reach all of the issues in this case efficiently and expeditiously. After nearly five years of litigation it is imperative that the Court finally reach the merits of this case quickly because, as noted, Federal Defendants have offered no meaningful measures to protect fish or otherwise address the Court's goal of mitigating harm to Plaintiff or the environment from continued maintenance of the status quo. Moreover, because EPA has relied on the biological opinions and incidental take statements to support its action under the CWA, it would prejudice Plaintiff if EPA could continue to rely on these documents, while the Services simultaneously remove them from judicial review. Thus, Plaintiff respectfully submits that the only way to leave the biological opinions in place (thereby avoiding disruptions to industry and the state) without prejudicing Plaintiff is for the Court to reach the merits of both the CWA and ESA issues together now.

Dated this 19th day of October, 2010.

                              Respectfully submitted,

                              */s/ Daniel Mensher*
ALLISON M. LAPLANTE (OSB # 02361)
DANIEL P. MENSHER (OSB # 07463)
DANIEL J. ROHLF (OSB # 990069)
Pacific Environmental Advocacy Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR 97219
(503)768-6894, lalpante@lclark.edu
(503)768-6926, dmensher@lclark.edu
(503) 768-6707, rohlf@lclark.edu

Attorneys for Plaintiff