DWIGHT C. HOLTON (OSB No. 09054)
Interim United States Attorney
District of Oregon
STEPHEN J. ODELL (OSB No. 90353)
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1197 (tel)  / (503) 727-1117 (fax)

IGNACIA S. MORENO
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
MARK A. NITCZYNSKI (CSB 20687)
mark.nitczynski@usdoj.gov
1961 Stout Street – 8th Floor
Denver, CO 80294
(303) 844-1498 (tel)  / (303) 844-1350 (fax)
MEREDITH L. FLAX (DCB 468016)
meredith.flax@usdoj.gov
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0404 (tel)  / (202) 305-0275 (fax)

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES,<br><br>　　　Plaintiff,<br>　　　v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>　　　Defendants,<br><br>THE STATE OF OREGON,<br><br>　　　Intervenor-Defendant, and<br><br>NORTHWEST PULP AND PAPER ASSOCIATION,<br><br>　　　Intervenor-Defendant. | Civil No. 05-1876-HA<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR OF BIOLOGICAL OPINIONS AND INCIDENTAL TAKE STATEMENTS** |

Pursuant to this Court's October 12, 2010 Minute Order (Doc. No. 241), Federal Defendants provide the following supplemental brief in support of their motion for voluntary remand without vacatur of Biological Opinions and Incidental Take Statements (Doc. No. 224). This brief specifically responds to the Court's August 31, 2010 Order, which sought to determine whether the parties could agree to a conditional court-ordered remand. Doc. No. 233. For the reasons provided below, as well as those already provided through the initial briefing, Federal Defendants respectfully request that the Court grant their motion in full.

## BACKGROUND

On July 26, 2010, Federal Defendants U.S. Fish and Wildlife Service ("FWS") and National Marine Fisheries Service ("NMFS") (collectively, the "Services") moved the Court for a voluntary remand of their 2004 Biological Opinions ("BiOps") and Incidental Take Statements ("ITSs") to allow the Services to complete new BiOps and ITSs that comply with Ninth Circuit law issued after the BiOps and ITSs were completed. Doc. No. 224. In addition, all Federal Defendants moved the Court to allow the BiOps and ITSs to remain in place during the remand period to minimize disruption and to allow the briefing on Plaintiff's Clean Water Act ("CWA") claims to proceed during the remand. *Id.* The Services each provided the Court with a declaration that set out a two-year timeframe for completion of new BiOps and ITSs. Doc. Nos. 226, 227.

On August 31, 2010, the Court ordered the parties to "file a joint status report regarding the possibility and propriety of a conditional court-ordered remand." Doc. No. 233. As stated in the parties' October 8, 2010 Joint Status Report (Doc. No. 240), although the parties engaged in substantive discussions, they were ultimately unable to agree to stipulated conditions of a

remand. On October 12, 2010, the Court granted the parties leave to file supplement briefs to address the suggestions made in the Court's August 31, 2010 Order. Doc. No. 241.

ARGUMENT

Federal Defendants continue to believe that the best course is for the Court to remand the 2004 BiOps and ITSs in their entireties and to leave them in place during the course of the remand. As explained in Federal Defendants' briefing, this approach is consistent both with the law on voluntary remand, which generally requires voluntary remand where there has been intervening case law, and with the law on vacatur, which allows a court to leave a decision in place during remand under a multi-factor test. Doc. Nos. 225, 230.

Federal Defendants' approach also is consistent with the Court's August 31, 2010 Order. In its Order, the Court stated that it was "inclined to deny defendants' motion for an open-ended remand without vacatur" but "recognize[d] that a voluntary remand could result in the conservation of judicial resources and the expeditious resolution of the Endangered Species Act claims in this case." Doc. No. 233. The Services' approach best conserves the Court's and the parties' resources, as the parties will not have to brief, and the Court will not need to reach, any of the Endangered Species Act ("ESA") issues in this case at this time, and possibly ever. As stated previously, Doc. No. 230 at 13-15, the Services will produce entirely new BiOps and ITSs that will include consideration of, *inter alia*, all the ESA issues Plaintiff has raised in this case (not just the two issues for which the Services sought remand) based on the best scientific and commercial data available, as required by the ESA, 16 U.S.C. § 1536(a)(2).[1] NMFS has

---

[1] The Court's August 31, 2010 Order also suggested the "possible admission of error by Federal Defendants" as a potential condition of remand. Doc. No. 233. Although an admission of error is not required before a court can grant a voluntary remand, NMFS acknowledges that its 2004 Biological Opinion is no longer consistent with Ninth Circuit law after *Gifford Pinchot Task*

FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION FOR VOLUNTARY REMAND

2

provided a detailed work plan for completion of its new BiOp and ITS, attached to the Declaration of Kim Kratz, filed herewith, and, as indicated in the Third Declaration of Paul Henson, ¶ 8, FWS will follow a similar work schedule.  The Services attest, for example, that consistent with their current practice, they will perform species-specific evaluations and conclusions as to the likely effects of the water quality standards on both the survival and the recovery of each listed species and on each designated critical habitat.  Second Kratz Decl. ¶ 4b; Third Henson Decl. ¶ 4.  Thus, the Services' new BiOps would resolve Plaintiff's argument that the Services' 2004 BiOps failed to assess impacts to individual species.  (Corrected) Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on Endangered Species Act Claims (Doc. No. 218) at 6-12.   Accordingly, continuing briefing on Plaintiff's remaining ESA claims is not necessary and would be a waste of both the Court's and the parties' resources.[2]  In addition, such an approach is not consistent with the rationale behind a voluntary remand, because it would prevent the Services from producing new BiOps and ITSs until after the Court rules on the remaining ESA issues.

The Court's Order also expressed concern that the "conditions of a remand [be] amenable to all parties such that there are neither serious disruptions to affected industries nor prejudice to those who would be affected by the continued maintenance of the status quo."  Doc. No. 233.  Proceeding without vacatur would benefit Plaintiff because it would enable EPA to agree with Plaintiff to move forward with briefing the CWA claims – which address the revised standards

---

*Force v. U.S.*, 378 F. 3d 1059 (9th Cir. 2004), and both Services acknowledge that their 2004 Incidental Take Statements are no longer consistent with Ninth Circuit law after *Oregon Natural Resources Council v. Allen*, 476 F.3d 1031 (9th Cir. 2007).

[2] Moreover, the Court is not obligated to provide Plaintiff with rulings on each of its nine ESA arguments.  Doc. 230 at 14-15.

FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION FOR VOLUNTARY REMAND

3

that are designed to protect fish beneficial uses in the first place – during the remand. In addition, Plaintiff would not lose any right to challenge the new BiOps and ITSs if Plaintiff believed the Services did not adequately address any issue in the new BiOps and ITSs. Leaving the 2004 BiOps and ITSs in place also would be the best way to avoid serious disruptions to affected industries and the State because vacatur of the ITSs would create uncertainty regarding the absence of the ITSs.

Finally, to further minimize any potential prejudice to Plaintiff from maintenance of the status quo, the Services are committing to complete their new BiOps and ITSs in 18 months. Second Kratz Decl. ¶ 5; Third Henson Decl. ¶ 8. Thus, the voluntary remand would not be "open-ended."

The Court's Order also suggested as possible conditions "interim changes to the incidental take statements [and] interim modifications to water temperature standards." Doc. No. 233. However, interim changes to the ITSs are not feasible in the expedited timeframes to which the Services have committed. Second Kratz Decl. ¶ 6; Third Henson Decl. ¶ 9. Such interim changes also would not provide a significant benefit, because the purpose of quantifying incidental take under the *ONRC v. Allen* opinion is to ensure that a consultation is reinitiated when the incidental take limits are exceeded. *See* 476 F.3d at 1039. Here, the Services are requesting the remand in order to begin work on new BiOps and ITSs immediately. Consequently, there would be little point in the Services creating interim triggers for reinitiation. In addition, the Services are not permitted to modify the ITSs' reasonable and prudent measures ("RPMs") or the terms and conditions that implement the RPMs if doing so would "alter the basic design, location, scope, duration, or timing of the action." 50 C.F.R. § 402.14(i)(2).

In addition, neither the CWA nor its implementing regulations provide a mechanism for making interim modifications to water quality standards.  Under the CWA section 303(c)(2)-(4), 33 U.S.C. § 1313(c)(2)-(4), any revision to an approved water quality standard would need to be either submitted by a state or promulgated by EPA after EPA determined that the approved state standard no longer met the requirements of the CWA.  The State has not submitted any revised standards and EPA has not made a determination that the approved standards are inconsistent with the CWA.  To the contrary, EPA believes that the current standards meet CWA requirements and intends to strongly defend those standards.  Further, EPA does not have a record upon which to base the selection of any such "interim" standard.  Finally, because state water quality standards approved by EPA become the applicable CWA standards for the State's regulatory purposes, including issuance of CWA "NPDES" permits and development of "total maximum daily loads" for the State's waters, *see* CWA section 303(c)(3), 33 U.S.C. § 1313(c); *see also* 40 C.F.R. § 131.21, any such "interim" revisions would disrupt the State's regulatory programs and cause uncertainty for dischargers to Oregon's waters.

In sum, Federal Defendants' approach best addresses the concerns expressed in the Court's Order.  Remand of the 2004 BiOps and ITSs in their entireties is the most efficient use of the Court's and the parties' time and resources and would allow the Services to begin producing new BiOps and ITSs now.  The Services have committed to addressing the ESA issues Plaintiff has raised, and to produce new BiOps and ITSs in 18 months.  EPA would agree with Plaintiff to go forward with the CWA briefing if the BiOps and ITSs remained in place during this remand period.  Northwest Pulp and Paper has stated that leaving the BiOps and ITSs in place will avoid negative effects to industry.  Doc No. 231.

Dated this 19th day of October, 2010.

FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION FOR VOLUNTARY REMAND

Respectfully submitted,

<u>        /s/ Meredith L. Flax</u>
MEREDITH L. FLAX (DCB 468016)
meredith.flax@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0404 (tel) / (202) 305-0275 (fax)

MARK A. NITCZYNSKI (CSB 20687)
mark.nitczynski@usdoj.gov
U.S. Department of Justice/ENRD
1961 Stout Street - 8th Floor
Denver, CO 80294
(303) 844-1498 (tel)/ (303) 844-1350 (fax)

Attorneys for Federal Defendants

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on October 19, 2010, I caused a true copy of the foregoing to be served on each of the following counsel in the manner indicated below:

Daniel P. Mensher
PACIFIC ENVIRONMENTAL ADVOCACY CENTER
10015 S.W. Terwilliger Blvd.
Portland, OR  97219
dmensher@lclark.edu
[ ] Via Hand Delivery
[ ] Via E-mail
[ ] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X] Court notice of electronic filing via CM/ECF

Alison LaPlante
PACIFIC ENVIRONMENTAL ADVOCACY CENTER
10015 S.W. Terwilliger Blvd.
Portland, OR  97219
laplante@lclark.edu
[ ] Via Hand Delivery
[ ] Via E-mail
[ ] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X] Court notice of electronic filing via CM/ECF

Karen Moynahan
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301-4096
karen.moynahan@doj.state.or.us
[ ] Via Hand Delivery
[ ] Via E-mail
[ ] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X] Court notice of electronic filing via CM/ECF

Laura Maffei, R.G.
Attorney at Law
Schwabe Williamson & Wyatt
1211 SW 5th Ave., Suites 1600-1900
Portland, OR 97204
Lmaffei@SCHWABE.com
[ ] Via Hand Delivery

[ ] Via E-mail
[ ] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X] Court notice of electronic filing via CM/ECF

                                  */s/ Meredith L. Flax*
                                  MEREDITH L. FLAX