DWIGHT C. HOLTON (OSB No. 09054)
Interim United States Attorney
District of Oregon
STEPHEN J. ODELL (OSB No. 90353)
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1197 (tel)  / (503) 727-1117 (fax)

IGNACIA S. MORENO
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
MARK A. NITCZYNSKI (CSB 20687)
mark.nitczynski@usdoj.gov
1961 Stout Street - 8th Floor
Denver, CO 80294
(303) 844-1498 (tel)  / (303) 844-1350 (fax)
MEREDITH L. FLAX (DCB 468016)
meredith.flax@usdoj.gov
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0404 (tel)  / (202) 305-0275 (fax)

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 05-1876-HA |
| v. | ) | MEMORANDUM IN SUPPORT OF |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) | STIPULATED MOTION FOR ENTRY OF REVISED CASE MANAGEMENT ORDER |
| Defendants, | ) ) | |
| THE STATE OF OREGON, | ) ) | |

```
        Intervenor-Defendant, and    )
                                      )
NORTHWEST PULP AND PAPER              )
ASSOCIATION,                          )
                                      )
        Intervenor-Defendant.         )
_____)
```

<u>INTRODUCTION</u>

Plaintiff, Federal Defendants and Intervenors (collectively, "Parties") are respectfully moving this Court to modify the briefing schedule set forth in the Court's Order of November 3, 2010 ("Remand Order"). Doc. No. 248. In the Remand Order, the Court denied the Federal Defendants' Motion for Voluntary Remand Without Vacatur ("Remand Motion") (Doc. No. 224), and also ordered, <u>inter</u> <u>alia</u>, that: "federal defendants' responsive briefing to plaintiff's Motions for Partial Summary Judgment" are due no later than December 3, 2010; and Plaintiff's replies are due no later than December 17, 2010. <u>Id.</u> The Parties request that the Court modify the briefing schedule in order to address two issues that the Parties and the Court had addressed in prior scheduling orders but that were not included in the Remand Order: (1) the filing of, and briefing in support of, cross-motions for summary judgment by the Federal Defendants and Intervenors; and (2) the additional time required to address the substantive issues raised in this case. <u>See</u>, <u>e.g.</u>, Doc. No. 203 (Stipulated Case Management Order).

<u>BACKGROUND</u>

The Parties have negotiated several merits briefing schedules in the case that the Court has entered as orders. Doc. Nos. 33, 43, 64, 84, 203. From the outset, the Parties agreed that Plaintiff would move for summary judgment, and that Federal Defendants and Intervenors would file cross-motions for summary judgment. Accordingly, the Parties' stipulations and the Court's

orders included briefs from the Federal Defendants and Intervenors both in opposition to

Plaintiff's summary judgment motions and in support of the cross-motions.  See Doc. Nos. 33,

43, 64, 84, 203.

  In addition, due to the complexity of the issues presented by this case, the briefing

schedules called for a relatively substantial amount of time for the Parties to submit their briefs

in support of their summary judgment motions and in opposition to the motions they were

opposing.  For example, the Stipulated Case Management Order entered by the Court on

December 30, 2009 set forth the following merits briefing schedule:

| | |
|---|---|
| April 16, 2010: | Deadline for Plaintiff to file dispositive motions |
| July 30, 2010: | Deadline for Federal Defendants to file oppositions and cross-dispositive motions |
| August 27, 2010: | Deadline for Intervenor-Defendants to file oppositions and cross-dispositive motions |
| October 15, 2010: | Deadline for Plaintiff to file oppositions to cross-dispositive motions and replies on dispositive motions |
| December 17, 2010: | Deadline for Federal Defendants to file replies on cross-dispositive motions |
| January 14, 2011: | Deadline for Intervenor-Defendants to file replies on cross-dispositive motions. |

Doc. No. 203.[1]

After a short, agreed upon extension, Plaintiff filed its motions for summary judgment

and supporting papers on April 21, 2010. Doc. Nos. 206-215. Shortly thereafter, Plaintiff and

Federal Defendants began discussing the potential settlement of the ESA claims and potential

remand of the Services' Biological Opinions and Incidental Take Statements. See Doc. No. 221.

After those discussions did not produce an agreement, the Court stayed "briefing on the Parties'

cross-motions for summary judgment," issued a briefing schedule for the briefing of the Remand

Motion, and also ordered the Parties to confer and file a motion setting forth a proposed new

case management plan within ten days after issuance of the Court's order on the Remand

Motion. Doc. No. 223.

Pursuant to the Court's Order, briefing on the Motion for Remand commenced on July

26, 2010 and initially concluded on August 23, 2010. See Doc. Nos. 224-232. On August 31,

2010, the Court issued an Order requiring the Parties to file a joint status report no later than

September 15, 2010 regarding a potential, conditional remand. Doc. No. 233. After the Parties

sought and received two extensions of time to continue their discussions, see Doc. Nos. 236,

239, the Parties submitted a Status Report on October 8, 2010. Doc. No. 240. Pursuant to the

Court's subsequent Order, Doc. No. 241, the Parties then submitted supplemental briefs on

---

[1] The Parties also had reached agreement on, and the Court had ordered on the Parties'
stipulation, the structure and page limits for the summary judgment briefing. For their opening
briefs, Plaintiff and Federal Defendants were limited to one brief of no more than 50 pages
addressing Clean Water Act ("CWA") issues and one brief of no more than 40 pages addressing
Endangered Species Act ("ESA") issues. (Doc. 203.) Intervenors' opening briefs were limited
to 30 pages each. Id. For their second set of briefs, Plaintiffs and Federal Defendants were
limited to one brief of no more than 45 pages addressing CWA issues and one brief of no more
than 30 pages addressing ESA issues. Id. Intervenors' second briefs were limited to 20 pages
each. Id. The Parties do not seek any changes to those page limits.

October 19, 2010 regarding the Motion for Remand.  Doc. Nos. 242-247.  On November 3,

2010, the Court issued the Remand Order, which, <u>inter alia</u>: denied the Federal Defendants'

Remand Motion; ordered that "federal defendants' responsive briefing to Plaintiff's Motions for

Partial Summary Judgment" were due no later than December 3, 2010; and also ordered that

Plaintiff's replies were due no later than December 17, 2010.  Doc. No. 248.

ARGUMENT

On the day that the Court issued the Remand Order, the Parties began discussing

potential modifications to the briefing schedule contained in that Order.  The Parties' discussions

yielded agreement among the Parties on the following briefing schedule:

| | |
|---|---|
| January 14: | Deadline for Federal Defendants to file oppositions and cross-dispositive motions |
| January 28: | Deadline for Intervenor-Defendants to file oppositions and cross-dispositive motions |
| February 25: | Deadline for Plaintiff to file oppositions to cross-dispositive motions and replies on dispositive motions |
| March 25: | Deadline for Federal Defendants to file replies on cross-dispositive motions |
| April 1: | Deadline for Intervenor-Defendants to file replies on cross-dispositive motions. |

This schedule preserves the basic format of the previous scheduling orders entered in the

case because it calls for the filing of, and briefing in support of, cross-motions for summary

judgment by the Federal Defendants and the Intervenors.  <u>Cf.</u> Doc. Nos. 33, 43, 64, 84, 203.  In

addition, this schedule allows for additional brief preparation time beyond what was set forth in

the Remand Order but significantly condenses the previously ordered briefing schedules.  For

example, from now, the Parties' agreed schedule would allow slightly more than half the time

that Federal Defendants initially were allotted after the filing of Plaintiff's summary judgment motions.  In addition, the Federal Defendants' two-month briefing period would include both the Thanksgiving and Christmas holidays.  Federal Defendants require the two month time period to respond to the detailed briefs filed by Plaintiff on its CWA and ESA claims, which comprise 50 and 35 pages, respectively.

The remainder of the Parties' agreed schedule is similarly condensed.  Plaintiff's second round of briefs would be due six weeks after Federal Defendants filed their cross-motions for summary judgment, rather than the eleven weeks that Plaintiff was given in the December 30, 2009 Stipulated Case Management Order.  Doc. No. 203.  Federal Defendants' second round of briefs would be due four weeks after Plaintiff files its second round of briefs, as opposed to the nine weeks that Federal Defendants were allotted in that Case Management Order.  Id. Intervenor's briefing times also would be cut down substantially.  Their cross-motions and initial briefs would be due two week after Federal Defendants', as opposed to the four week timeframe set forth in the Case Management Order.  Id.  Intervenors' second round of briefs would be due one week after Federal Defendants', in contrast to the four weeks previously provided.  Id.

Thus, while the Parties' agreed schedule allows more time for briefing than was set forth in the Remand Order, the Parties believe that the proposed briefing schedule is extremely aggressive.  The Parties are mindful that the case has been on the Court's docket for some time and are anxious to bring the case to conclusion.  In addition, merits briefing under the Parties' schedule would  conclude in advance of the anticipated parenting leaves to be taken by Plaintiff's counsel beginning in April.  On the other hand, the issues raised in the case are complex and require a significant amount of time (and pages) to address adequately.

The Parties also have addressed their respective positions regarding oral argument. Plaintiff has requested oral argument. Doc. Nos. 207, 212. The Federal Defendants and Intervenors take no position, and defer to the Court's wishes regarding whether oral argument would be beneficial.

Regarding the potential scheduling of oral argument, the Parties have agreed that, in the event the Court schedules argument, the argument should take place no sooner than May 2, 2011 to avoid falling too early within the anticipated parenting leave of Plaintiff's counsel who would be presenting argument.

<u>CONCLUSION</u>

For the foregoing reasons, the Parties jointly request that the Court enter the Revised Case Management Order that is being filed herewith.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General

_____/s/ Allison LaPlante_____          _____/s/ Mark A. Nitczynski_____
ALLISION LaPLANTE (OSB # 02361)     MARK A. NITCZYNSKI (CSB 20687)
DANIEL P. MENSHER (OSB # 07463)     United States Department of Justice
Pacific Environmental Advocacy Center  Environment & Natural Resources Division
10015 S.W. Terwilliger Blvd.            999 18th Street
Portland, OR 97219                      South Terrace, Suite 370
                                        Denver, CO 80202
Attorneys for Plaintiff
                                        MEREDITH L. FLAX (DCB 468016)
                                        United States Department of Justice
                                        P.O. Box 7369
                                        Washington, DC  20044-7369
                                        (202) 305-0404
                                        E-mail: meredith.flax@usdoj.gov

                                        Attorneys for Federal Defendants

_____ /s/ Karen Locha Moynahan _____    _____ /s/ Laura Maffei _____

| | |
|---|---|
| Karen Locha Moynahan | Laura Maffei |
| Oregon Department of Justice | Schwabe Williamson & Wyatt, PC |
| Trial Division | 1600-1900 Pacwest Center |
| Commercial/Condemnation/Environmental Section | 1211 SW Fifth Avenue |
| 1162 Court Street | Portland , OR 97204 |
| Salem, OR 97301 | |

Attorney for State of Oregon               Attorney for Northwest Pulp and Paper Association

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2010, I caused a true copy of the foregoing
MEMORANDUM IN SUPPORT OF STIPULATED MOTION FOR ENTRY OF REVISED
CASE MANAGEMENT ORDER to be served on each of the following counsel in the manner
indicated below:

Allison LaPlante
Daniel P. Mensher
PACIFIC ENVIRONMENTAL
ADVOCACY CENTER
10015 S.W. Terwilliger Blvd.
Portland, OR  97219
laplante@lclark.edu

[ ] Via Hand Delivery
[ ] Via E-mail
[ ] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X] Court notice of electronic filing via
    CM/ECF


Karen Locha Moynahan
Oregon Department of Justice
Trial Division
Commercial/Condemnation/Environmental
Section
1162 Court Street
Salem, OR 97301

[ ] Via Hand Delivery
[ ] Via E-mail
[ ] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X] Court notice of electronic filing via
    CM/ECF


Laura Maffei
Schwabe Williamson & Wyatt, PC
1600-1900 Pacwest Center
1211 SW Fifth Avenue
Portland , OR 97204

[ ] Via Hand Delivery
[ ] Via E-mail
[ ] Via First-Class mail, postage pre-paid
[ ] Via Overnight Mail
[X] Court notice of electronic filing via
    CM/ECF


/s/ Mark A. Nitczynski_____
MARK A. NITCZYNSKI